upon an informer a right to sue in debt, in any case arising under the statute in which a penalty has been incurred. But if no one chooses to avail himself of this right by instituting a suit, the guilty person may be proceeded against by indictment. In all cases when an act is declared to be unlawful, and a punishment or penalty is annexed to the doing of the act, it pertains to the sovereignty of the state, through the agency of the judicial department, to punish it by indictment; and it does not require any express statutory authority as the warrant for such a proceeding. Is is not equally clear, upon the same principle, that if the government chooses to waive the right of proceeding in this way, and to adopt the milder form of an action of debt for the penalty, it is competent to do so? It is a long settled principle of the common law, that the action of debt is maintainable to recover a pecuniary penalty imposed by a statute, and when such a penalty is incurred by a violation of the statute of the United States, it accrues to the government, and may be sued for in its name; and it certainly can constitute no just ground of complaint on the part of the person implicated, that he is called upon to answer for the violation of a law, in a civil suit, instead of being arraigned for it, upon the finding of a grand jury.

In addition to these views, it may be stated, that the right of the United States to sue in this court, for the penalty alleged to have been incurred by the defendant, and the competency of the court to entertain the jurisdiction of the case, may be deduced from the clause in the 9th section of the judiciary act of 1789 [1 Stat. 76], relating to the jurisdiction of the district court; which declares that said court shall have cognizance of all suits at common law, where the United States sue, and the matter in dispute amounts, exclusive of costs, to the sum of one hundred dollars. 1 Laws U. S. p. 77. This case certainly meets all the conditions of this clause. It is a suit at common law, brought by the United States, and the matter in dispute amounts to one hundred dollars. Demurrer overruled.

## Case No. 14,628.

### UNITED STATES v. BOWEN.

[2 Cranch, C. C. 133.] [1]

Circuit Court, District of Columbia. April Term, 1817.

LARCENY—GOODS AND CHATTELS—BANKNOTES.

Banknotes are not goods and chattels, nor money, and stealing them is no offence at common law.

[Cited in U. S. v. Carnot, Case No. 14,726.]

Indictment, at common law [against Henry Bowen, a negro], for stealing a banknote. Verdict, guilty.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Judgment arrested; THE COURT (THRUSTON, Circuit Judge, absent) being of opinion that it was no offence at common law to steal a banknote.

---

## Case No. 14,629.

### UNITED STATES v. BOWEN.

[4 Cranch, C. C. 604.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

ASSAULT WITH INTENT TO KILL—DRUNKENNESS—ACT OF VIOLENCE—BURGLARY—SLAVE.

1. If a slave in Washington, D. C., enters the sleeping-room of his mistress in the night time with an axe in his hand, with intent to kill her, she being then in bed in the room, and is prevented, by the waking and noise of the mistress and her servant, and by being seized and forced out of the room, he is guilty of an attempt to murder a person, under the Maryland act of assembly, 1751 (chapter 14, § 2). Drunkenness is no justification; but may be given in evidence to enable the jury to judge of the intent.

2. If a slave, lodging in the house, lifts the latch of his mistress's sleeping-room in the night time, and enters with an axe in his hand, and with intent to murder her, he is guilty of burglary; and, to constitute an attempt to murder, no further act of violence is necessary.

Indictment of a slave for an attempt to murder his mistress; and for burglary. The defendant [John Arthur Bowen] was the slave of Mrs. Anna Maria Thornton. The indictment contained three counts. The first was under the Maryland law of 1751 (chapter 14, § 2), which enacts that "slaves, convicted of attempting to murder any person, shall suffer death without benefit of clergy;" and charged the prisoner with an attempt to murder his mistress, Mrs. Thornton, without stating the means, or manner, of the attempt. The second charged the attempt to be with an axe. The third, was for burglary in breaking the dwelling-house of Mrs. Thornton in the night time, with intent to murder her.

Mr. Jones, for the prisoner, insisted that the first count was too general: as it charges the simple attempt to murder, without saying by what means, or in what manner. What is an attempt? An unexecuted intent is not punishable by human laws. There must be some overt act testifying the intent, and amounting to an attempt. The having a weapon is not sufficient. If I have a pistol and do not present it, it is no attempt to kill. If the prisoner had raised the axe in a violent and threatening manner, within striking distance, and had only been prevented by the interposition of some superior force, it would have been an attempt. As to the third count. There was no burglary. The prisoner was lawfully in the house; and the raising the latch of an inner door, is not such a breaking as is necessary to constitute burglary.

[1] [Reported by Hon. William Cranch, Chief Judge.]